# ReedSmith

Reed Smith LLP
101 Second Street
Suite 1800
San Francisco, CA 94105-3659
+1 415 543 8700
Fax +1 415 391 8269
reedsmith.com

**Daniel J. Valim**
Direct Phone: +1 415-659-4870
Email: dvalim@reedsmith.com

December 7, 2009  [E-filed and Lodged with BZ]

The Honorable Bernard Zimmerman
Magistrate Judge
United States District Court
Northern District of California
Courtroom G, 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102



Dated: 12/14/09

**Milligan v. Rochester Shoe Tree Co., et al.**
**Case No. C09-01515 SI/BZ**

Dear Judge Zimmerman:

Defendant PNC Equity Partners, L.P. ("PNC EP") respectfully requests to be excused from the requirement of personal appearance of a party representative at the settlement conference scheduled for January 5, 2010.  Deborah Broyles of Reed Smith is lead counsel for PNC EP and will be present at the conference.  However, before agreeing to a settlement conference, PNC EP obtained a stipulation from Plaintiff's counsel and counsel for Rochester Shoe Tree that PNC EP would be excused from personal appearance at the conference but available by telephone.  That stipulation was passed on to Judge Illston in conjunction with the request for a settlement conference.  The request to Judge Illston also made clear that PNC EP's assent to participate in the settlement conference was only given if the stipulation regarding PNC EP's excuse from appearance were to remain intact.  (Please see Plaintiff's 10/22/09 Letter to Judge Illston Attached to this letter as Exhibit A.)

PNC EP requires excuse from personal appearance because of issues concerning personal jurisdiction that surround this matter.  PNC EP is a limited partnership formed in Delaware with its principal place of business in Pennsylvania.  PNC EP has disputed the jurisdiction of this Court from the outset, filing a motion to dismiss for lack of personal jurisdiction in response to Plaintiff's complaint.  Judge Illston denied that motion without prejudice indicating a desire to first allow Plaintiff to obtain discovery on the issue.  As I am sure this Court is well aware, one of the ways in which personal jurisdiction may be established is through personal service of the complaint in the forum state, regardless of whether the defendant's presence in the state was fleeting or transient.  *See Burnham v. Superior Ct. of California, County of Marin*, 495 U.S. 604, 610-12 (1990).

In addition to protecting PNC EP from a potential circumvention of the requirements of personal jurisdiction, PNC EP must also protect its principals.  Plaintiff has filed a separate Alameda Superior Court suit against Peter Del Presto of PNC EP, alleging roughly the same set of facts as those in the present suit. (Please see the summons and first 2 pages of the state court complaint attached as Exhibit B) Certainly Mr. Del Presto, a Pennsylvania resident, cannot appear in person for the settlement conference or he could waive any argument regarding the lack of personal jurisdiction.  But what's more is that PNC EP must now be wary that Plaintiff could name individually and serve anyone sent by PNC EP to the settlement conference and that person would risk waiving legitimate personal jurisdiction arguments.

The Honorable Bernard Zimmerman
December 7, 2009  [E-filed and Lodged with BZ]
Page 2

**ReedSmith**

Therefore, Defendant PNC EP respectfully requests that the Court recognize the stipulation of the parties and excuse PNC EP from personal appearance at the settlement conference. A representative from PNC EP with full settlement authority would be available at the time of the conference to receive calls from its counsel, Deborah Broyles.

Lastly, due to the uncertain nature of the law on this subject, PNC EP asks the Court in its order granting PNC EP's request for excuse from in person appearance, to declare any participation by anyone on behalf of PNC EP via telephone is specifically not a consent by PNC EP or the individual to personal jurisdiction in California. For the convenience of the Court, PNC EP has attached a proposed order to this letter as Exhibit C.

Respectfully submitted,

/s/ Daniel J. Valim

Daniel J. Valim

DJV

US_ACTIVE-102777719.1